IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNIE HARDY, JR., | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Civil Action No. 21-1562 |
| | § | |
| SAVAGE SERVICES CORPORATION, et.al., | § | |
| Defendants | § | |

**DEFENDANTS, SAVAGE SERVICS CORPORATION AND SAVAGE INDUSTRIAL
RAIL SERVICES, INC.'S, MOTION TO COMPEL ADDITIONAL PRODUCTION
FROM DR. LARRY POLLOCK IN RESPONSE TO SUBPOENA DUCES TECUM**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants, SAVAGE SERVICES CORPORATION and SAVAGE INDUSTRIAL RAIL

SERVICES, INC. (hereinafter collectively referred to as "Savage"), file this Motion to Compel

Production from Dr. Larry Pollock in Response to Subpoena Duces Tecum, and would show as

follows:

**I.**
**BASIS FOR THE MOTION**

1.      This case is pending in the United States District Court for the Middle District of

Louisiana.  It involves purported injuries suffered by Plaintiff, Johnnie Hardy, Jr., from the

explosion of a highly pressurized water tank at a plant owned by Sasol Chemicals (USA) LLC

("Sasol") in Westlake, Louisiana.  Supposedly, Plaintiff was working as a switchman for Savage

at the time of the alleged injury.  Plaintiff sued Savage in state court, claiming FELA related

actions, and sued Sasol for negligence.  Savage and Sasol removed to federal court on the basis of

the FELA claims being fraudulently joined, and the existence of diversity jurisdiction.

2.      The United States District Court for the Middle District of Louisiana agreed with Savage and Sasol, and denied Plaintiff's Motion to Remand.

3.      In the interim, Savage issued a subpoena duces tecum to Dr. Larry Pollock of Larry Pollock, PhD and Associates, 1800 St. James Place, Suite 100, Houston, Texas 77056, to produce documents, information, or objects, or to permit inspection of premises.  The subpoena duces tecum was dated December 10, 2020, and served on Dr. Larry Pollock on December 14, 2020.  A copy of such subpoena duces tecum is attached hereto as Exhibit "A" and a copy of the proof of service is attached hereto as Exhibit "B".  The subpoena duces tecum requested that documents be produced at the Houston offices of Savage's counsel, Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, 801 Travis Street, Suite 1800, Houston, Texas 77002, by January 15, 2021.

4.      Dr. Larry Pollock is one of Plaintiff's healthcare providers in this matter.  Since Plaintiff claims personal injuries in this matter, documents generated by Plaintiff's healthcare providers, including Dr. Larry Pollock, are clearly relevant and material to the facts of this case.

5.      Three months late, Dr. Larry Pollock finally responded to the subpoena duces tecum.  Some documents were produced, but many were not produced.  Specifically, the raw data of the "tests" Dr. Pollock conducted on the Plaintiff to judge and opine on the mentally related issues and recommended treatment for Plaintiff.

6.      Neither Dr. Pollock, nor anyone else, has filed any objection to the subpoena duces tecum, nor sought a protective order.  Further, any objection to the subpoena duces tecum has long since been waived.  Dr. Pollock has no excuse for failing to fully comply with the subpoena duces tecum.  Further, his office never timely communicated that it had any problem with the documents requested; it simply did not produce all of them despite assurances that they would do so.  *See*, Lynn Watson's Affidavit attached hereto and incorporated herein as Exhibit "C".

7.     The documents requested, specifically the raw data, are clearly material and relevant, and calculated to lead to the discovery of admissible evidence.  This includes all neuropsychological notes, memoranda, tests, raw data, reports, communications with Plaintiff's counsel, etc.  Nothing commanded to be produced is privileged where Dr. Pollock is supposedly a testing neuropsychologist of Plaintiff and an expected testifying expert.

8.     Counsel for Savage wrote a detailed letter to Dr. Pollock, explaining that the raw data needed to be produced, and that it would be protected from unnecessary disclosure.  However, as of the date of the filing of this Motion, no production of the raw data by Dr. Pollock or his office has taken place.  Said letter is attached as Exhibit "D".

## II.
### THE DISCOVERY SOUGHT IS ADMISSIBLE OR REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE

9.     Federal Rule of Civil Procedure 45 governs discovery from non-parties through though the issuance of subpoenas.  Rule 45 subpoenas are subject to the same discovery limitations outlined in Rule 26(b).  *Dixon v. Greyhound Lines, Inc., et.al.*, 2014 WL 6474355 (M.D. La., Nov. 19, 2014).  *See also, Hussey v. State Farm Lloyds Insurance Company*, 216 F.R.D. 591, 596 (E.D. Tex. 2003).

10.     Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.  A relevant discovery request seeks information that is "either admissible or reasonably calculated to lead to the discovery of admissible evidence."  *Dixon, at *2; see also, McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir. 1990).

11.     The party to whom the subpoena is issued has the burden of demonstrating that compliance with the subpoena would be unduly burdensome.  *Informd, LLC v. Docrx, et.al.*, 2016

WL 7478962 (M.D. La., Dec. 29, 2016).  *See also, Wiwa v. Royal Dutch Petroleum Company*, 392 F.3d 812, 818 (5th Cir. 2004).

12.     Here, Plaintiff has sued for alleged personal injuries obtained while in the course and scope of his employment.  Dr. Larry Pollock is one of the health care providers that Plaintiff has seen with respect to his alleged injuries.  Further, it is expected that Dr. Pollock will be an expert witness for Plaintiff, and will most likely provide testimony related to the alleged physical and mental incapacities of Plaintiff.  Accordingly, all of the records of Dr. Larry Pollock by which he has treated Plaintiff, including any email correspondence with Plaintiff's counsel, is highly relevant and clearly calculated to lead to the discovery of admissible evidence.[1]

13.     Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.  Federal Rule of Evidence 401 defines relevant evidence as, "relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party."  *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005); *see also, Torrey v. Infectious Diseases Society of America*, 334 F.R.D. 79, 83 (E.D. Tex. 2019).

14.     The discovery rules are given broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.  *Herbert v. Lando*, 441 U.S. 153, 176, 99 Sup. Ct. 1635, 60 L.Ed.2d 115 (1979).

---

[1] Email correspondence between Dr. Pollock and Plaintiff's counsel is clearly relevant not only to show potential advocacy on treatment of Plaintiff, but also to potentially show bias.  *See Francois v. Norfolk Southern Corporation*, 812 S.2d 804 (La. App. 4th Cir., March 6, 2002).

15.     Clearly, Dr. Pollock should be commanded to produce <u>all</u> documents as called for in the subpoena duces tecum.  The time to object has been waived.  No protective order was filed.  The documents, including the raw data, should be produced within ten (10) days of court order.

## III.
## THERE CAN BE NO OBJECTION AND NO RESISTANCE
## TO PRODUCTION OF DOCUMENTS BY DR. LARRY POLLOCK

16.     As stated, the time for making objections and withholding the production of documents has long passed.  There is no excuse for the lack of <u>full</u> production of documents given the fact that Dr. Pollock has been a neuropsychologist treating Plaintiff for his purported injuries that are the subject of this lawsuit.

17.     Accordingly, Dr. Larry Pollock should be compelled to produce all documents responsive to the subpoena duces tecum within ten (10) days of this Court's order, at the Houston offices of Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, 801 Travis Street, Suite 1800, Houston, Texas 77002.

18.     The Court should consider the award of attorney's fees because the undersigned counsel was forced to file this Motion to Compel.  As noted in Exhibit "D", the undersigned counsel fully explained why <u>all</u> documents, including the raw data, should and must be produced.

19.     Savage respectfully moves this Court to order Dr. Pollock to produce <u>all</u> documents, including the raw data, and further to award reasonable attorney's fees against Dr. Pollock in an amount of not less than $5,000.00.[2]

---

[2] Before the partial production by Dr. Pollock's office, Savage filed a Motion to Compel in the United States District Court for the Middle District of Louisiana.  After partial production, that Court denied Defendant's Motion, stating it needed to be refiled in Houston.  A copy of said Order is attached hereto as Exhibit "E".

Respectfully submitted,

LUGENBUHL, WHEATON, PECK, RANKIN &
      HUBBARD, A LAW CORPORATION

      */s/ Todd G. Crawford*

By:   _____
      Todd G. Crawford – LSB #20150
      Pan-American Life Center
      601 Poydras Street, Suite 2775
      New Orleans, Louisiana 70130
      PH:    (504) 568-1990
      FAX:  (504) 310-9195
      Email: tcrawford@lawla.com
      Michael W. McCoy – TSB 13471850
      Lugenbuhl, Wheaton, Peck, Rankin &
      Hubbard, a Law Corporation
      801 Travis Street, Suite 1800
      Houston, Texas 77002
      PH:    (713) 222-1990
      FAX:  (713) 222-1996
      Email: mmccoy@lawla.com

ATTORNEYS FOR DEFENDANTS SAVAGE
SERVICES CORPORATION AND SAVAGE
INDUSTRIAL RAIL SERVICES, INC.

## **CERTIFICATE OF CONFERENCE**

As noted in the attached Declaration of Amanda Lynn Watson, several attempts were made to communicate with Dr. Pollock's office to obtain the requested documents commanded in the subpoena, but only some of the documents have been produced.  Also, as noted, Savage's counsel wrote a lengthy letter to Dr. Pollock's office explaining why the raw data must also be produced. However, such documents have not been produced, and no response has been received from Dr. Pollock's office to such letter.

*/s/ Michael W. McCoy*

_____

Michael W. McCoy

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of May, 2021, a true and correct copy was sent by

electronic mail and or certified mail to all counsel of record and to Dr. Larry Pollock as follows:

Larry Pollock, Ph.D. & Associates          *Via CMRRR*
1800 St. James Place, Suite 100
Houston, Texas 77056

Noah M. Wexler                             *Via E-Service*
Ben Bireley
Arnold & Itkin LLP
6009 Memorial Drive
Houston, Texas 77007

A.M. "Tony" Clayton                        *Via E-Service*
Michael P. Fruge
Clayton, Fruge & Ward
3741 La Highway 1 South
Port Allen, Louisiana 70767

Kyle L. Gideon                             *Via E-Service*
John E. McElligott, Jr.
Davidson, Meaux, Sonnier, McElligott,
        Fontenot, Gideon & Edwards
810 South Buchanan Street
Lafayette, Louisiana 70502-2908

Douglas W. Poole                           *Via E-Service*
McLeod, Alexander, Powel & Apffel
802 Rosenberg
Galveston, Texas 77553


                                    */s/ Michael W. McCoy*
                                    _____
                                    Michael W. McCoy


8